IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRACEY N. THOMPSON,

    Plaintiff,

v.

JOHN SCICILLIAN, FBI AGENT,

    Defendant.

_____/

No. C 11-05609 JSW

**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**

    The Court has received Plaintiff's complaint and application to proceed *in forma pauperis*, both filed on November 18, 2011. The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Where a complaint fails to state that any constitutional or statutory right was violated and fails to assert any basis for federal subject matter jurisdiction, there is no arguable basis in law under *Neitzke* and the court may dismiss the complaint under 19 U.S.C. §

1915(e)(2)(B).

Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3). California superior courts are courts of general, unlimited jurisdiction and can render enforceable judgments in practically any type of case. However, federal courts have limited jurisdiction. Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377.

It is impossible to discern from Plaintiff's complaint many of the essential details of the events giving rise to a claim. It is not clear whether Plaintiff asserts any federal claim or can demonstrate that there is complete diversity, meaning that the parties are citizens of different states, and that the amount at issue exceeds $75,000.

As such, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's application to proceed *in forma pauperis* is HEREBY DENIED without prejudice and the complaint is DISMISSED. However, the Court shall afford Plaintiff an opportunity to amend her complaint.

If Plaintiff wishes to pursue this action, she must file an amended complaint by **January 6, 2012**. Failure to file a cognizable legal claim by this date shall result in dismissal of this action with prejudice. The Court advises Plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available through the Court's website or in the Clerk's office. The Court also advises Plaintiff that additional

1 assistance may be available by making an appointment with the Legal Help Center, which is
2 located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102.
3     **IT IS SO ORDERED.**

5 Dated: December 22, 2011

                    JEFFREY S. WHITE
6                     UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TRACEY N THOMPSON,

    Plaintiff,

 v.

JOHN SCICILLIAN et al,

    Defendant.

Case Number: CV11-05609 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 22, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tracey N. Thompson
44 McAllister Street
No. 622
San Francisco, CA 94102

Dated: December 22, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk