UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACEY N. THOMPSON,<br>    Plaintiff,<br>  vs.<br>JOHN SCICILLIAN, FBI AGENT,<br>    Defendant(s). | Case No.: 11-CV-05609 YGR<br><br>**ORDER DENYING APPLICATION TO PROCEED** *IN FORMA PAUPERIS* **AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |

The Court has reviewed Plaintiff's Application to Proceed *in Forma Pauperis* and Request for Leave to Amend Complaint (Dkt. No. 10), which the Court construes as an amended complaint. The Court may authorize a plaintiff to commence an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is classified as "frivolous" where "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Where a complaint fails to state that any constitutional or statutory right was violated and fails to assert any basis for federal subject matter jurisdiction, there is no arguable basis in law under *Neitzke* and the Court may dismiss the complaint under 19 U.S.C. § 1915(e)(2)(B).

The Court is unable to discern any legally cognizable claim in Plaintiff's submission. Plaintiff alleges that people have put chemicals into the building's water supply, including Mick

Jagger, whom she alleges put "heroin and rubella virus" into the water.[1] Plaintiff appears to complain that the people in the apartment unit above her either are making too much noise or are being tortured, possibly both.[2] Finally, Plaintiff appears to take issue with the Defendant John Scicilliian because he has not completed his investigation into the aforementioned conduct despite having investigated for over three years.

Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Therefore, Plaintiff's complaint is dismissed. Because Plaintiff is proceeding *pro se*, she already was provided with an opportunity to amend her complaint to comply with the Federal Rules of Civil Procedure Having failed to do so, the Court now dismisses without leave to amend.

Accordingly, the **ORDERS** as follows:

1) Plaintiff's Application to Proceed *in Forma Pauperis* is **DENIED**.

2) Plaintiff's complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. To the extent that Plaintiff's Application to Proceed *in Forma Pauperis* requests leave to amend, the request is **DENIED**.

3) The Clerk shall close the case file.

**IT IS SO ORDERED.**
**Date: March 1, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Plaintiff already has been advised that this set of facts fails to allege the violation of a constitutional or statutory right. *See* Order Dismissing Amended Complaint, *Tracey N. Thompson v. Keith Richards and Michael Philip Jagger*, 11-5442 JSC, Dkt. No. 8 (N.D. Cal. Jan. 13, 2012).

[2] Plaintiff already has been advised that she does not have standing to complain about harm allegedly being done to her neighbors. *See* Order of Dismissal, *Tracey N. Thompson v. Tenderloin Police Dept.*, 12-040 SI, Dkt. No. 8 (N.D. Cal. May 19, 2012).

2